UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. BRANDT,<br><br>              Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br><br>              Defendant. | No. CV 07-2903 AGR<br><br>**MEMORANDUM OPINION AND ORDER** |

Plaintiff Robert A. Brandt ("Brandt") filed a Complaint on May 11, 2007. Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on May 15 and 21, 2007. (Dkt. Nos. 3, 6.) On May 18, 2010, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the Court affirms the decision of the Commissioner.

///
///
///
///
///

# I.

## PROCEDURAL BACKGROUND

On April 13, 2004, Brandt filed an application for disability insurance benefits alleging an onset date of July 1, 2000. Administrative Record ("AR") 52-54. The application was denied initially and on reconsideration. AR 39-43, 45-49. Brandt requested a hearing. AR 50. On January 18, 2006, an Administrative Law Judge ("ALJ") conducted a hearing at which Brandt and a Vocational Expert ("VE") testified. AR 229. On July 28, 2006, the ALJ issued a decision denying benefits. AR 191-96. On August 29, 2006, Brandt requested that the Appeals Council review the decision denying benefits. AR 225. On April 14, 2007, the Appeals Council denied the request for review. AR 219-21. Brandt filed this action on May 11, 2007. (Dkt. No. 8.) On October 29, 2007, the parties stipulated, with Court approval, to remand the case for a *de novo* hearing because of an incomplete administrative record. AR 202-04. On December 10, 2007, the Appeals Council vacated the final decision of the Commissioner and remanded the case to an ALJ for a *de novo* hearing. AR 205. On October 2, 2008, the ALJ conducted a *de novo* hearing at which Brandt and a VE testified. AR 370-90. On February 19, 2009, the ALJ issued a decision denying benefits. AR 21-27. On March 10, 2009, Brandt requested that the Appeals Council review the decision denying benefits. AR 13, 16. On September 3, 2009, the Appeals Council denied the request for review. AR 6-7. On November 24, 2009, the parties stipulated, with Court approval, to reopen this case. (Dkt. Nos. 16, 17.) This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v.*

*Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

## III.
## DISCUSSION

### A.  Disability

A person qualifies as disabled and is eligible for benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B.  The ALJ's Findings

The ALJ found that Brandt meets the insured status requirements through December 31, 2005. AR 25. Brandt has the following medically determinable severe impairments: degenerative joint disease, tobacco abuse and alcohol abuse. *Id.* Brandt has the residual functional capacity ("RFC") "to perform light work . . . that is, lifting and carrying 50 pounds occasionally and 20 pounds frequently, standing/walking 6 hours out of 8, unrestricted sitting and no postural, manipulative, communicative or environmental limitations." AR 26. The ALJ found that Brandt is able to perform his past relevant work as a salesman as actually and generally performed. AR 27.

### C. **Credibility**

Brandt claims that the ALJ improperly assessed his subjective symptom testimony. JS 6. This Court disagrees.

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). "[T]o discredit a claimant's testimony when a medical impairment has been established, the ALJ must provide specific, cogent reasons for the disbelief." *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) (citations and quotation marks omitted). "The ALJ must cite the reasons why the claimant's testimony is unpersuasive." *Id.* (citation and quotation marks omitted). In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (*e.g.*, movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of

credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing Social Security Ruling 88-13,[1] quotation marks omitted). The ALJ may consider: (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

The ALJ determined that Brandt's subjective complaints "are not fully credible." AR 22, 26. The ALJ adopted the credibility findings reported by the prior ALJ: lack of objective medical findings; inconsistencies between Brandt's allegations and the medical evidence; lack of medical treatment; absence of any muscle atrophy, changes in weight or inability to sleep; lack of emergency care; routine doctor visits; lack of extra-ordinary pain treatment; use of over the counter medication for pain; high blood pressure controlled by medication; inconsistencies between Brandt's allegations and his daily activities; and failure to follow medical advice to discontinue smoking or abusing alcohol. AR 22, 26, 192-94. In addition, the ALJ found that Brandt's subjective complaints and alleged limitations lacked credibility because (1) they were "out of proportion to the objective clinical findings and observed functional restrictions;" (2) Brandt either did not seek treatment or received conservative treatment; and (3) Brandt has not been entirely candid about the extent and impact of alcohol abuse.[2] AR 26-27.

---

[1] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

[2] Contrary to Brandt's contention, inconsistency with the objective medical evidence was just one of the reasons the ALJ discounted Brandt's credibility. JS 8. Although lack of objective medical evidence supporting the degree of limitation "cannot form the sole basis for discounting pain testimony," it is a factor that an ALJ may consider in assessing credibility. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *see also Thomas*, 278 F.3d at 958-59 (ALJ properly considered the inconsistency of medical opinions with plaintiff's allegations).

The ALJ's reasons were legally sufficient and supported by substantial evidence in the record. The ALJ noted that examinations of Brandt's lumbar spine and joints were normal, and he demonstrated no functional limitations of the shoulders, elbows, hands or fingers. AR 24. Although Brandt has hypertension, there is no evidence of hypertensive symptoms or end organ damage that limited functioning. *Id*. The record does not show complaints of chest or cardiac pain. *Id.* The record does not show breathing problems, ongoing shortness of breath, or emergency treatment for COPD attacks that would affect Brandt's ability to walk. *Id*. In November 2005, Brandt's doctor imposed no restrictions despite Brandt's bilateral renal stones and degenerative joint disease. AR 24, 140. In December 2005 and January 2006, Brandt reported to his doctor that he was feeling well. AR 155-56.

The ALJ also noted that Brandt's subjective allegations were inconsistent with his treatment. Notwithstanding Brandt's allegations of disabling pulmonary problems, he did not seek ongoing treatment. AR 26. Brandt takes only over-the-counter medications to control his joint and back pain. AR 24. "[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (citation omitted).

The ALJ cited Brandt's lack of candor about the extent and impact of his alcohol abuse. AR 27. Although Brandt testified he stopped drinking in 2000 (AR 375), the record shows he continued to drink to excess against his doctors' advice. AR 27. In July 2004, the examining physician noted the smell of alcohol on Brandt's breath and attributed his loss of balance to alcohol intoxication. AR 23; *see Thomas*, 278 F.3d at 958-59 (ALJ may consider inconsistent statements about alcohol abuse).

Brandt argues that the ALJ failed to consider his good work history, which would support his argument that he stopped working only because of a disability. JS 5. However, Brandt testified that he was laid off. AR 244, 271, 375. The prior ALJ's opinion, which was incorporated by reference by the current ALJ, expressly noted Brandt's testimony that he was laid off. AR 22, 194. Any error was harmless. "The

court will not reverse an ALJ's decision for harmless error." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008); *see also Stout v. Comm'r*, 454 F.3d 1050, 1055 (9th Cir. 2006) (error is harmless if it is "inconsequential to the ultimate nondisability determination").

The ALJ's credibility finding is supported by substantial evidence. "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas*, 278 F.3d at 959 (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999)).

### D. Lay Witness Testimony

Brandt claims that the ALJ failed to provide legally sufficient reasons for rejecting the lay witness testimony of Brandt's wife. JS 19-22. This Court disagrees.

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout*, 454 F.3d at 1053. "When an ALJ discounts the testimony of lay witnesses, 'he [or she] must give reasons that are germane to each witness.'" *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (citation omitted).

The ALJ incorporated by reference the prior ALJ decision (in which the prior ALJ considered the testimony of Brandt's wife), and adopted the prior ALJ's credibility determination. AR 22, 194.

Brandt's wife completed a Function Report Adult-Third Party form in August 2004. AR 65-72. The prior ALJ noted that Brandt's wife "reported that he watched television, used the computer, played with his cat, prepared meals, read [the] newspaper, talked on the telephone and enjoyed playing his guitar." AR 194. Brandt's wife indicated that Brandt's conditions affected his lifting, sitting, standing, walking, bending, squatting, kneeling, and stair climbing. AR 70. She also noted that Brandt goes to the mail box and grocery store 5-6 times per week, drives, sometimes prepares his own meals, does light cleaning, has no problem with personal care, and sits at the computer the majority of time. AR 65-69.

The ALJ found that Brandt had the residual functional capacity to perform his past relevant work as a salesman both as actually and generally performed. AR 27. As the ALJ noted, Brandt testified that it was a "desk job basically" selling miniature light bulbs. AR 25, 383. He opted out of traveling to the three or four trade shows per year. AR 383. Even fully considering the statements of Brandt's wife, no reasonable ALJ could have reached a different disability determination. Any error is harmless. *See Stout*, 454 F.3d at 1056 ("[W]here the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.").

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: February 23, 2011

ALICIA G. ROSENBERG
United States Magistrate Judge